IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES EDWARD JONES | : | |
| | : | |
| v. | : | CIVIL NO. CCB-08-1270 |
| | : | Criminal No. CCB-05-331 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**MEMORANDUM**

James Edward Jones, a federal prison inmate, was convicted by a jury of possessing firearms after a felony conviction in violation of 18 U.S.C. § 922(g) and, on March 30, 2007, was sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e) ("ACCA") and U.S.S.G. § 4B1.4 to 262 months incarceration, the low end of the guidelines. His conviction was affirmed by the Fourth Circuit on appeal. 2007 WL 2781005.

Jones has filed a motion to vacate under 28 U.S.C. § 2255 alleging that his counsel, the First Assistant Federal Public Defender, provided ineffective assistance, primarily by allowing the government to use non-qualifying prior convictions as a basis for application of the ACCA enhancement. To prevail on this claim, Jones, who asserted a frivolous jurisdictional defense at trial and refused to cooperate with his counsel, must show both deficient performance and prejudice resulting from that deficiency. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984); *U.S. v. Terry*, 366 F.3d 312, 314 (4th Cir. 2004). He can show neither.

Under the ACCA, a person who violated 18 U.S.C. § 922(g) "and has three previous convictions . . . for a violent felony or a serious drug offense, or both . . ." shall be imprisoned not less than fifteen years. Under U.S.S.G. § 4B1.4, a defendant subject to sentencing under 18 U.S.C. § 924(e) is an "armed career criminal" and is subject to an increased offense level and criminal history category.

Under the statute, a "serious drug offense" includes

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A)(ii). The term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . .

18 U.S.C. § 924(e)(2)(B)(i). Another provision explains that the term "crime punishable by imprisonment for a term exceeding one year" excludes "any State offense classified by the laws of the State as a misdemeanor <u>and</u> punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B) (emphasis added).

As reflected in the certified copies of records provided to the court at sentencing, Jones has three prior convictions that qualify under the statute: (1) a 1998 second-degree assault in violation of Md. Art. 27, § 12A, carrying a 10-year maximum penalty; (2) a 2003 second-degree assault in violation of Md. Code, Crim. Law § 3-203, also carrying a 10-year maximum; and (3) a 2003 distribution of cocaine, a Schedule II narcotic drug, in violation of Md. Code, Crim. Law § 5-602. (Gov't Oppos., Attachments E, F, G.) As to the assaults, examination of the charging documents reflects that both involved the use of force against a person. *See U.S. v. Coleman,* 158 F.3d 199, 201-03 (4th Cir. 1998). No improper fact-finding was involved in making this determination. *See Shepard v. U.S.*, 544 U.S. 13, 24-26 (2005); *U.S. v. Simms*, 441 F.3d 313, 317 (4th Cir. 2006). As to the cocaine distribution charge, the maximum penalty, even for a first offense, is 20 years under Maryland law because the drug involved was a Schedule II substance. See Md. Code, Crim. Law §§ 5-403, 5-607, & 5-608.

In summary, Jones was correctly determined to be an armed career criminal under the ACCA and was sentenced within the advisory guideline range and within the statutory maximum. His counsel was not ineffective for failing to challenge the ACCA status; and, as any challenge would have failed, no prejudice has been shown.[1]

Accordingly, the motion to vacate will be denied by separate Order.

| | |
|---|---|
| February 11, 2009 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[1] To the extent Jones raises other issues in his petition, they have also been considered but are not meritorious. No evidentiary hearing is warranted.